IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Michele C. Tucker, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:09-193-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cherokee County Veterans Affairs Office, | ) | |
| and Sammy Willard, individually, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Cherokee County Veterans Affairs Office's ("CVA") motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, CVA's motion is granted.

I. Factual and Procedural Background

This case arises out of events surrounding Plaintiff Michele C. Tucker's ("Tucker") termination of employment with CVA on or about September 29, 2008. "On or about September of 1999, [Tucker] was hired as an employee of Cherokee County, first assigned to the Probate Office, and ultimately assigned to [CVA]." (Compl. ¶ 6.) Tucker was "approached and asked to appear before the County Legislative Delegation ("the Delegation") on July 14, 2008 which she agreed to do." (Id. ¶ 7.) At the appearance, Tucker was "placed under oath and asked questions concerning the Veterans Affairs Office and the County Veterans Affairs Officer." (Id. ¶ 8.) Tucker alleges that she answered the questions "honestly and to the best of her ability." (Id. ¶ 9.) At the conclusion of her appearance before the Delegation, Tucker was

1

informed "not to discuss the contents of her sworn testimony publically [sic], and she has not done so to this date." (Id. ¶ 10.)

Following her appearance before the Delegation, Tucker was asked by the South Carolina Governor's Office as well as the South Carolina Law Enforcement Division ("SLED") to provide further information about the Veterans Office and its Officer. In each instance, Tucker alleges that she answered their questions truthfully and was informed not to discuss what occurred in each meeting. On September 29, 2008, Defendant Sammy Willard ("Willard") personally delivered a termination letter to Tucker which stated in "pertinent part . . . the grounds for termination were 'due to your making unfounded accusations against Cherokee County Veterans Affairs Officer.'" (Compl. ¶ 17.) Tucker alleges that her statements were never made public and Willard does not know the substance of her testimony. (Id. ¶ 18.)

Tucker filed a complaint against CVA and Willard (collectively "Defendants") on January 26, 2009, alleging First Amendment violations against Willard and a public policy discharge claim against CVA. Willard filed an answer to the complaint on February 17, 2009, and CVA filed an answer on April 2, 2009. CVA filed the instant motion on June 9, 2009, seeking judgment on the pleadings as to the public policy discharge claim. Tucker filed a response in opposition on July 9, 2009, and CVA replied on July 15, 2009.

## II. Discussion of the Law

### A. Federal Rule of Civil Procedure Rule 12(c)

"After the pleadings are closed–but early enough not to delay trial– a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6).

Burbach Broad Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). As such, the court must "assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [Tucker's] favor." Id. at 406.

### B. Public Policy Discharge

In Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985), the South Carolina Supreme Court established a public policy exception to the common law at-will employment doctrine. According to the court, "[w]here the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." Id. Since Ludwick, South Carolina's public policy exception has been invoked in two settings: (1) "when an employer requires an at-will employee, as a condition of retaining employment, to violate the law" and (2) when "the reason for the employee's termination was itself a violation of the criminal law." Id.; Lawson v. South Carolina Dept. of Corrections, 532 S.E.2d 259, 261 (S.C. 2000). The latter is at issue in this case.

Tucker alleges that her termination was "in direct retaliation for actions protected by public policy." (Compl. ¶ 31.) Essentially, Tucker argues that she was terminated because she gave statements to the Delegation, the Office of the Governor, and agents of SLED as part of an investigation of Defendants. Tucker alleges that her termination was in violation of two South Carolina statutes: S.C. Code Ann. §§ 16-17-560 and 16-9-340. (Pl. Mem. Opp'n J. Pleadings 3.)

Section 16-17-560 makes it "unlawful for a person to . . . discharge a citizen from employment or occupation . . . because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws of the United States or by the Constitution and laws of this State." Tucker has failed to allege any facts to suggest that her

3

choice to speak to various governmental entities constitutes giving a political opinion or exercising political rights. Tucker only asserts that she was asked to answer questions and give a "statement regarding the Veterans Affairs Office and its Officer." (Compl. ¶¶ 8, 13.) This activity does not amount to exercising a political right. As such, Tucker's termination was not a violation of § 16-17-560.

Tucker also alleges that her termination was in violation of S.C. Code Ann. § 16-9-340(A)(1). Section 16-9-340(A)(1) states that it shall be unlawful "for a person by threat or force to intimidate or impede a . . . witness, or potential . . . witness . . . in the discharge of his duty as such." Tucker asserts that it can be "inferred that [she] was terminated in an attempt to intimidate [her] from further cooperation as a potential witness in any administrative or judicial proceeding with this investigation conducted by these governmental entities." (Pl. Mem. Opp'n J. Pleadings 4.) Tucker, however, has not alleged that she is or expects to be a witness in any type of judicial or administrative hearing. Moreover, there has been no evidence presented that Tucker's termination was an attempt to prevent her from any further activity. For example, Tucker does not allege that she was threatened with termination if she continued to speak to various agencies. Accordingly, Tucker has not demonstrated that her termination was in violation of § 16-9-340.

Based on the foregoing, the court finds that there is no inference which can be drawn from the facts alleged in the complaint that Tucker's termination was in violation of a criminal law. As such, she is unable to establish the necessary elements of public policy discharge. Thus, the court grants Defendant CVA's motion for judgment on the pleadings and dismisses the public policy discharge cause of action against CVA.

Therefore, it is

**ORDERED** that CVA's motion for judgment on the pleadings, docket number 47, is granted.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
July 30, 2009